# Order

Michigan Supreme Court
Lansing, Michigan

December 9, 2005

Clifford W. Taylor,
Chief Justice

Michael F. Cavanagh
Elizabeth A. Weaver
Marilyn Kelly
Maura D. Corrigan
Robert P. Young, Jr.
Stephen J. Markman,
Justices

126547-48

DAVID M. MICK,
          Plaintiff-Appellee,

v

LAKE ORION COMMUNITY SCHOOLS,
ROBERT BASS, RICHARD KAST, CRAIG A.
YOUNKMAN, GLORIA ROSSI, CHRISTINE
LEHMAN, and DAVID BEITER,
          Defendants-Appellants.

SC: 126547
COA: 241121
Oakland CC: 00-027577-NZ

_____

DAVID M. MICK,
          Plaintiff-Appellee,

v

ROBERT M. BASS and RICHARD KAST,
          Defendants-Appellants.

SC: 126548
COA: 241122
Oakland CC: 00-033085-NZ

_____/

On November 8, 2005, the Court heard oral argument on the application for leave to appeal the June 3, 2004 judgment of the Court of Appeals. On order of the Court, the application for leave to appeal is again considered and, pursuant to MCR 7.302(G)(1), in lieu of granting leave to appeal, we REVERSE that portion of the Court of Appeals judgment reinstating plaintiff's retaliation claim based on defendant principal's February 11, 1999 memorandum. The memorandum did not constitute a materially adverse employment action, as explained in the Court of Appeals opinion dissenting on this issue. We AFFIRM the Court of Appeals reinstatement of plaintiff's gender discrimination claim relative to the Orion Oaks principal position as against defendant Lake Orion Community Schools, for the reasons stated in the Court of Appeals controlling opinion. We REMAND this case to the Oakland Circuit Court for further proceedings consistent with the Court of Appeals controlling opinion regarding the reinstated claim.

CORRIGAN, J., concurring in part and dissenting in part, states as follows:

I concur in the majority's decision to reverse that portion of the Court of Appeals judgment reinstating plaintiff's retaliation claim. I disagree, however, with the majority's decision to affirm the Court of Appeals reinstatement of plaintiff's gender discrimination claim involving the position of principal at Orion Oaks Elementary School. Viewing the evidence in a light most favorable to plaintiff, I cannot join the majority's conclusion that plaintiff created a triable issue that plaintiff's gender was a motivating factor in defendant's employment decision. I would reinstate the trial court's decision granting summary disposition to the school district on both claims.

The Elliott-Larsen Civil Rights Act (ELCRA) prohibits discrimination on the basis of gender. MCL 37.2202(1)(a) states:

> An employer shall not do any of the following:
>
> (a) Fail or refuse to hire or recruit, discharge, or otherwise discriminate against an individual with respect to employment, compensation, or a term, condition, or privilege of employment, because of religion, race, color, national origin, age, sex, height, weight, or marital status.

To avoid summary disposition in cases where the plaintiff has offered no direct evidence of discrimination, the plaintiff must proceed through the steps prescribed in *McDonnell Douglas Corp v Green,* 411 US 792, 802-803 (1973). Although originally created for use in race discrimination cases, we have adopted the *McDonnell Douglas* approach for use in age and gender discrimination cases brought under the ELCRA. *Hazle v Ford Motor Co*, 464 Mich 456, 462-463 (2001). Because plaintiff here has offered no direct evidence of gender discrimination, we rely on the *McDonnell Douglas* framework.

Under *McDonnell Douglas,* a plaintiff must first offer a "prima facie case" of discrimination by presenting evidence that (1) the plaintiff belonged to a protected class, (2) the plaintiff suffered an adverse employment action, (3) the plaintiff was qualified for the position, and (4) the job was given to another person under circumstances giving rise to an inference of unlawful discrimination. *Hazle, supra* at 463, citing *Lytle v Malady (On Rehearing),* 458 Mich 153, 172-173 (1998). Once a plaintiff establishes a prima facie case of discrimination, the defendant has the opportunity to articulate a legitimate, nondiscriminatory reason for its employment decision in an effort to rebut the presumption created by the plaintiff's prima facie case. *Hazle, supra* at 464, citing *Lytle, supra* at 173. If the defendant provides a legitimate, nondiscriminatory reason for its employment decision, the plaintiff must then demonstrate that the evidence in the case, when construed in the plaintiff's favor, is "'sufficient to permit a reasonable trier of fact

to conclude that discrimination was a motivating factor for the adverse action taken by the employer toward the plaintiff.'" *Hazle, supra* at 465, quoting *Lytle, supra* at 176.

I concur with the Court of Appeals and my colleagues that plaintiff successfully advanced a prima facie case. It was undisputed that plaintiff satisfied the first three *McDonnell Douglas* elements. Plaintiff is a male, he did not receive the Orion Oaks principal's position for which he applied, and he was qualified for the position. Defendant disputes that plaintiff satisfied the fourth element, but plaintiff also satisfied that element, requiring him to offer proof that the position was given to another person under circumstances giving rise to an inference of discrimination. Plaintiff presented evidence suggesting that he was rejected in favor of a woman who was less qualified. Plaintiff had two advanced degrees while the successful applicant, at the time of hiring, had none. Plaintiff had twenty-four years of teaching experience while the woman chosen had only five years of teaching experience. Plaintiff had ten years of administrative experience while the successful applicant had only one year of assistant administrative duties.

I part company with my colleagues on the sufficiency of the remaining proofs. Once plaintiff successfully advanced a prima facie case, the burden then shifted to defendant to articulate a legitimate, nondiscriminatory reason for its decision to hire the woman applicant over plaintiff. Defendant offered several reasons for its hiring decision. Among them were plaintiff's lack of "people skills" and lack of ability to communicate effectively. More importantly, plaintiff had not participated in the development of Orion Oaks. He showed no interest in teaching at the school when it opened in 1996. The woman chosen as principal, on the other hand, had participated in the work leading to the formation of the school. She applied for and been hired to teach at the school when it opened and was promoted to serve as the school's assistant principal during the 1997-98 school year. By the time she started as principal in 1998, she had obtained a master's degree. Defendant thus furnished legitimate, nondiscriminatory reasons for its hiring decision.

The presumption of discrimination initially created by plaintiff's prima facie case disappeared. The burden of production shifted back to plaintiff to show the existence of evidence "'sufficient to permit a reasonable trier of fact to conclude that discrimination was a motivating factor for the adverse action taken by the employer toward the plaintiff.'" *Hazle, supra* at 473, quoting *Lytle, supra* at 176.

In an attempt to satisfy his burden with statistical proof, plaintiff claimed that the superintendent had placed less-qualified women in five of six positions for which he applied between 1991 and 1999. Yet the school district's statistical evidence showed it had placed nine men and eleven women in administrative positions for which

plaintiff was qualified, a nearly equal ratio of men and women in administrative positions in the district.

On this record, I do not see how plaintiff's statistical evidence supports a jury finding that plaintiff's gender motivated defendant's employment decision in any respect, especially when considered in light of all the relevant statistics on hiring of men and women in administrative positions in the district. Accordingly, I would reverse the Court of Appeals decision and reinstate the trial court's grant of summary disposition to defendants on both claims.

CAVANAGH, J., states as follows:

I believe that plaintiff presented sufficient evidence of his claims of gender discrimination and retaliation. His claims are strong enough to survive defendants' motions for summary disposition. I believe the Court of Appeals reached the right result and, thus, I would simply deny leave to appeal in this case.



I, Corbin R. Davis, Clerk of the Michigan Supreme Court, certify that the foregoing is a true and complete copy of the order entered at the direction of the Court.

December 9, 2005

*Corbin R. Davis*

Clerk

t1206